**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SAWYER,<br>Plaintiff,<br><br>vs.<br><br>LIFE STORAGE, et al.,<br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-01164-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

## I. BACKGROUND

On December 29, 2025, *pro se* Plaintiff Mark Sawyer (Plaintiff) filed his Complaint against Defendants Life Storage, Extra Space Storage, and Zachary Taggart (collectively, Defendants) (ECF 1). On January 22, 2026, the court temporarily granted Plaintiff's request to leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (the IFP Statute) (ECF 5). On June 15, 2026, the court issued an Order granting Plaintiff leave to file an amended pleading addressing the failure to adequately plead a plausible claim (Order) (ECF 7). Plaintiff was given until July 15, 2026, to file his Amended Complaint (*id.* at 5). The court warned Plaintiff that failure to comply with the directives in the Order may result in dismissal of this action (*id.*). To date, no amended pleading has been filed. Because Plaintiff has failed to prosecute and has failed to comply with this court's Order, the undersigned recommends dismissal of the action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua*

*sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, nearly all factors weigh in favor of dismissal. Plaintiff failed to comply with the deadline to file an amended complaint despite a clear warning from the court that this case could be dismissed for failure to comply. Plaintiff's failure to move this matter along by amending his pleading interferes with the judicial process. While there is lesser culpability in failing to properly prosecute this matter due to his *pro se* status, there appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendants having not yet been served. In consideration of these factors and given that Plaintiff's failure to prosecute is coupled with a failure to abide by the court's Order, the undersigned finds that the circumstances in this case warrant dismissal.

## III. RECOMMENDATION

Based on Plaintiff's failure to prosecute this case, and his failure to comply with the court's Order, the undersigned RECOMMENDS that the district judge DISMISS the case without prejudice.

DATED this 3 August 2026.

Cecilia M. Romero
Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah